UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MAHESH SINGH,

    Plaintiff,

v.

THE PROCTER & GAMBLE
COMPANY,

    Defendant.

Case No. 1:22-cv-457
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## OPINION AND ORDER

Mahesh Singh, proceeding pro se, sues The Proctor & Gamble Company, his former employer, "for age discrimination, race/national origin discrimination, and retaliation under federal anti-discrimination statutes." (Mot. Dismiss, Doc. 9, #101). P&G moves to dismiss for lack of subject-matter jurisdiction and failure to state a claim, citing the applicable statute of limitations. (*Id.*). For the following reasons, the Court **GRANTS** P&G's Motion to Dismiss (Doc. 9) and thus **DISMISSES** his federal claims **WITH PREJUDICE** for failure to state a claim, but **DISMISSES** any other claims **WITHOUT PREJUDICE**.

### BACKGROUND

I.    **The Complaint**

Singh's Complaint is long. And the motion here relies on very few of the alleged facts. Accordingly, the Court will gloss over much of the detail and focus solely on the facts relevant to understanding this opinion.

P&G hired Singh "on or about June 26, 2006," following a three-month internship the previous summer. (Compl., Doc. 1, #3). He says he encountered discriminatory treatment based on his age and national origin during his time with the company and often complained about it. (*Id.*). And "on or about May 15, 2012," he says P&G fired him in retaliation for his complaints. (*Id.*).

Since then, he says that P&G has been coordinating with all of his other potential employers to ensure he cannot secure a job.[1] (*Id.*). Apparently, P&G has also been monitoring him online and sending him harassing messages.[2] (*Id.* at #23). And P&G has continued to retaliate against him by not responding to referral requests and somehow influencing other companies to require referrals. (*Id.* at #23–26).

In 2021, Singh pursued legal relief with the Ohio Civil Rights Commission, which issued a right-to-sue letter on May 26, 2022, and with the U.S. Equal Employment Opportunity Commission, which issued a right-to-sue letter on July 22. (*Id.* at #33–35). Then, on August 9, he brought this suit, claiming age discrimination under the Age Discrimination in Employment Act ("ADEA") and race discrimination under Title VII. (*Id.* at #27).

---

[1] However, this allegation is based on a conspiracy theory that P&G coordinated all of Singh's later interviews and interactions with unrelated companies. The Court thoroughly reviewed his Complaint. He alleges no facts to make that plausible, as the Court will discuss below.

[2] Again, a caveat. The messages Singh includes in his Complaint are seemingly unrelated advertisements from other companies, though he says P&G controls them to intimidate him. (Doc. 1, #23). Again, as the Court will explain, he alleges no facts to make that plausible.

2

## II. P&G's Motion to Dismiss

P&G moves to dismiss under Fed. R. Civ. P. 12(b)(1) and (6), for lack of subject-matter jurisdiction and failure to state a claim. Its main argument is that Singh's federal claims are time-barred. (Doc. 9, #101). Therefore, any remaining state-law claims should be dismissed for lack of subject-matter jurisdiction, as there is no diversity here.[3] (*Id.*). In the alternative, P&G moves under Fed. R. Civ. P. 12(e) for Singh to provide a more definite statement of his claims. (*Id.*).

## III. Singh's Response and P&G's Reply

Singh responds that the discrimination is ongoing and therefore his Complaint was not time-barred. (Doc. 11, #115–16). P&G replies that, because his firing in 2012 was the most recent adverse employment action, his claim is time-barred. (Doc. 12, #122). With the motion fully briefed, it is ripe for review.

## LEGAL STANDARD

Faced with a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's sole focus is the Complaint, and the sole question goes to plausibility. The Court requires factual allegations which, taken as a whole, create a plausible inference that the

---

[3] The Court is unclear what Singh's remaining claims would be. From his Complaint, it seems he brings two claims, both under federal law (namely, under 42 U.S.C. § 2000e–2 and 29 U.S.C. § 623). He also technically checked a box claiming P&G violated 28 U.S.C. § 1343(3), but does not offer even one fact alleging P&G acted under color of state law. (Doc. 1, #2). He also seems to drop that claim later when summarizing his claims, so the Court is left with the impression that he mistakenly checked the box. (*See id.* at #27). If not, that claim fails under *Twombly/Iqbal*, because he offers no facts to support it, let alone sufficient facts to make it plausible. In terms of state-law claims, though, the Court does not understand Singh to be asserting any. But if he is, given that this case is at the very outset and the Court is dismissing all his federal claims, the Court declines to exercise supplemental jurisdiction over any such state-law claims. *See* 28 U.S.C. § 1367(c)(3).

plaintiff has stated a viable claim. In making that determination, the Court "construe[s] the complaint in the light most favorable to the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (internal quotation marks omitted). But that grace only extends so far. The Court cannot accept "naked assertions," or legal conclusions, but must have "factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, (2007)).

Here, P&G seeks dismissal on statute of limitations grounds. "The statute of limitations is an affirmative defense" and therefore, "a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Still, "sometimes the allegations in the complaint affirmatively show that the claim is time-barred." *Id.* In those circumstances, "dismissing the claim under Rule 12(b)(6) is appropriate." *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

That said, Singh is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the

4

procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## LAW AND ANALYSIS

To sue on an age discrimination claim under the ADEA or a race discrimination claim under Title VII, a plaintiff must first file a charge with either the EEOC or the Ohio Civil Rights Commission. *See Williams v. Gen. Elec. Co.*, 269 F. Supp. 2d 958, 963 (S.D. Ohio 2003) (citing 29 U.S.C. § 626(d)); *see Reed v. ADM/ARTCO*, 57 F. App'x 682, 683 (6th Cir. 2003) (citing *Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 407 (6th Cir. 1999)). For both claims here, the statute of limitations to file such a charge is 300 days after the alleged unlawful employment practice occurred. *See Williams*, 269 F. Supp. 2d at 963; *see Reed*, 57 F. App'x at 683. While the statute of limitations can be equitably tolled, that should be done sparingly. *Reed*, 57 F. App'x at 683 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) and *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). And "[t]ypically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys*, 209 F.3d at 560–61. Finally, though the Sixth Circuit has a multifactor test to determine whether to apply equitable tolling, courts need not rigorously apply that test when the plaintiff has provided no equitable reasons to toll. *See, e.g., Reed*, 57 F. App'x at 683; *Page v. Metro. Sewer Dist. of Louisville & Jefferson Cnty.*, 84 F. App'x 583, 585 (6th Cir. 2003).

P&G fired Singh in 2012—the most recent adverse employment action. (Doc. 1, #3). He waited 9 years before filing charges with the EEOC, far beyond the statute of limitations. (*Id.* at #35). He offers *no* reason for the delay, nor can the Court think of one. So each of his claims is barred by the relevant statute of limitations and the Court should not apply equitable tolling.

Singh seems to suggest that the continuing violation doctrine might save his Complaint. (*See* Doc. 11, #115–16). He alleges that P&G has been retaliating against him post-firing, up to the present. (*Id.*). Thus, he says he timely filed his EEOC charges. (*Id.*).

Not so. To start, what is the continuing violation doctrine? The Sixth Circuit explains it well:

> The "continuing violation" doctrine provides that when "there is an ongoing, continuous series of discriminatory acts, they may be challenged in their entirety as long as one of those discriminatory acts falls within the limitations period." *Haithcock v. Frank*, 958 F.2d 671, 677 (6th Cir. 1992). In other words, when a continuing violation is shown, "a plaintiff is entitled to have a court consider all relevant actions allegedly taken pursuant to the employer's discriminatory policy or practice, including those that would otherwise be time barred." *Alexander*, 177 F.3d at 408 (6th Cir. 1999); *see also Held v. Gulf Oil Co.*, 684 F.2d 427, 430 (6th Cir. 1982).

*Kovacevich v. Kent State Univ.*, 224 F.3d 806, 829 (6th Cir. 2000) (citation edited). A plaintiff could satisfy the continuing violation doctrine in two ways:

> The first is "where there is some evidence of *present* discriminatory activity giving rise to a claim of a continuing violation," and "at least one of the forbidden discriminatory acts [has] occurred within the relevant limitations period." *Haithcock*, 958 F.2d at 678 (citation omitted) (emphasis in original). The second type of continuing violation exists when a plaintiff has demonstrated a longstanding and over-arching policy of discrimination. *See id.* This requires a showing by a

6

preponderance of the evidence "that some form of intentional discrimination against the class of which plaintiff was a member was the company's 'standing operating procedure.'" *EEOC v. Penton Indus. Publ'g Co.*, 851 F.2d 835, 838 (6th Cir. 1988) (citation omitted).

*Id.* At the motion-to-dismiss-stage, of course, we are merely looking for facts establishing plausibility, not a preponderance of the evidence.

Still, that second type can be easily dispensed with—Singh alleges *no* facts asserting that P&G has an "over-arching policy" of age and race discrimination. His complaint focuses solely on discrimination *he* allegedly experienced.

What about the first type of continuing violation, then? In fairness to Singh, he alleges ongoing discrimination. But the theory still fails for at least two reasons.

First, some of the alleged discrimination Singh faces now (like P&G's refusal to rehire him or alleged refusal to offer him referrals) does not count as a continuing violation. *See id.* (citing *Janikowski v. Bendix Corp.*, 823 F.2d 945, 948 (6th Cir. 1987)). Those alleged discriminatory acts are "attempt[s] to avoid the consequences of the termination." *Janikowski*, 823 F.2d at 948. But "[r]epeated requests for further relief from a prior act of discrimination will not set the time limitations running anew." *Id.* (internal quotation marks omitted) (quoting *EEOC v. McCall Printing Corp.*, 633 F.2d 1232, 1237 (6th Cir. 1980)).

Second, the rest of Singh's allegations about the ongoing discrimination are frivolous. Courts have never accepted "allegations that are sufficiently fantastic to defy reality as we know it," like "claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel." *Ashcroft*, 556 U.S. at 696 (Souter, J., dissenting); *see also Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th

7

Cir. 2009). And allegations need not involve contact with aliens or adventures in time travel to qualify for such treatment. Courts in our circuit have held that technically possible but highly implausible claims are likewise frivolous, including allegations that—(1) the "deep state" surveilled and brainwashed a plaintiff and his wife, *Tucker v. FBI Head Quarters*, No. 19-13626, 2020 WL 2059866, at *2 (E.D. Mich. Apr. 29, 2020); (2) various unnamed parties molested and tortured a plaintiff using biomedical treatments, *Bartlett v. Kalamazoo Cnty. Cmty. Mental Health Bd.*, No. 18-1319, 2018 WL 4492496, at *1–2 (6th Cir. Aug. 22, 2018); (3) defendants have conspired to cover up evidence of government officials targeting a plaintiff, *Marshall v. Stengel*, No. 3:10-cv-159, 2010 WL 1930172, at *1–2 (W.D. Ky. May 12, 2010); and (4) the government surveilled and tortured a plaintiff, *Marshall v. Huber*, No. 3:09-cv-54, 2009 WL 1904337, at *1–2 (W.D. Ky. July 1, 2009). As to such "factual" assertions, plaintiffs need to offer something beyond a conclusory allegation that the event occurred.

Here, Singh says that P&G has been hacking his computer and sending him discriminatory advertisements, following him and spying on him, and influencing other companies to not hire him. But he offers no reasonable factual allegations or verifiable evidence to make those wholly unlikely claims plausible. Instead, his conclusions are based solely on his own wild speculation.

Because many of his alleged facts cannot constitute discrimination under the continuing violation doctrine and others are too fantastic, and too poorly supported,

to be plausible, the alleged post-termination discrimination does not save his Complaint from being time-barred.

## CONCLUSION

For the reasons above, the Court **GRANTS** P&G's Motion to Dismiss (Doc. 9) and thus **DISMISSES** Singh's federal claims **WITH PREJUDICE** for failure to state a claim as they are time barred. Though the Court does not understand Singh to be asserting any state-law claims, to the extent that he is, the Court declines to exercise supplemental jurisdiction over those claims, *see* 28 U.S.C. § 1367(c)(3), and thus **DISMISSES** those state-law claims **WITHOUT PREJUDICE**. The Court **DIRECTS** the clerk to **ENTER JUDGMENT** and **TERMINATE** this matter from the docket.

**SO ORDERED.**

May 3, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**